**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KURT C. BRYSON, and ) <br> CHRISTOPHER G. CONNELLY, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF WILMINGTON, a ) <br> municipal corporation, and ) <br> BOBBY L. CUMMINGS, ) <br> in his individual and official capacities, ) <br> ) <br> Defendants. ) | C.A. No. 17-cv-00133 (VAC) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THEIR PARTIAL MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants City of Wilmington and Chief Bobby L. Cummings ("Defendants") hereby move the Court to dismiss the Plaintiffs' Complaint in part for the reasons set forth below.

**NATURE AND STAGE OF PROCEEDINGS**

On February 7, 2017, Plaintiffs Kurt C. Bryson and Christopher G. Connelly, Sr. ("Plaintiffs") commenced this action by filing a complaint against Defendants City of Wilmington ("City") and Chief Bobby L. Cummings ("Chief Cummings"). (D.I. 1.).

Plaintiffs bring this case pursuant to 42 U.S.C. §§ 1981 and 1983 alleging violations of the Procedural Due Process Clause of the Fourteenth Amendment, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and the Delaware Whistleblowers' Protection Act. Defendants are moving to dismiss Plaintiffs' procedural due process claims (Count I).

**STATEMENT OF THE FACTS**

Plaintiffs' Compliant alleges their procedural due process rights were violated when they were denied reinstatement to the City of Wilmington Police Department ("WPD"). (D.I. 1, ¶¶ 1, 110-113). Plaintiffs allege that Directive 5.3A. of the Police Officer's Manual ("Directive 5.3A.") created a protected property right to reinstatement for police officers who sought reinstatement less than one year after voluntary separation. (D.I. 1, ¶ 110). Specifically, Directive 5.3A. states "[i]f a former officer has applied for reinstatement after separation from the department for less than one (1) year, the conditions of employment will be as follows: that person will be required to take a physical and psychological test, a physical agility test, be placed on one (1) year probation, and will not be eligible for a promotion for a minimum of two (2) year(sic); seniority, retirement benefits, salary grade and rank will be that of which he last served." See Directive 5.3A. attached at Exhibit A.[1]

Plaintiff Christopher G. Connelly ("Connelly) resigned from WPD on or about July 24, 2015 and sought reinstatement on or about May 30, 2016. (D.I. 1, ¶¶ 24-25). Plaintiff Kurt C. Bryson ("Bryson") retired from WPD on or about July 2, 2015 and sought reinstatement in October or November 2015. (D.I. 1, ¶ 21). Both Plaintiffs were denied reinstatement by WPD. (D.I. ¶ 27).

**ARGUMENT**

**STANDARD OF REVIEW**

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is

---

[1] The Court may consider documents integral to or explicitly relied upon in the complaint without converting a motion to dismiss into a motion for summary judgment. *Adkins v. Rumsfeld*, 450 F. Supp. 2d 440, 444 (D. Del. 2006).

entitled to relief." Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210–11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Thus, although a non-fraud claim need not be pled with particularity or specificity, that claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). Thus, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; accord *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

W0090473.3

the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

### I. PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIMS FAILS AS A MATTER OF LAW

Plaintiffs procedural due process rights were not violated under the facts alleged in their Complaint because Directive 5.3A. does not create a property interest in reinstatement with WPD. The clear language of the Directive sets forth conditions of employment where an officer has sought reinstatement within one year of voluntary separation. However, there is no language in the Directive which states reinstatement is "automatic" or that officers have a "right" to reinstatement when it is sought within one year of voluntary separation. Plaintiff Kurt C. Bryson has failed to allege sufficient facts to support an implied contract created a property interest in reinstatement. Finally, Plaintiffs fail to allege any facts supporting their conclusory claim that a protected property interest in reemployment was created by the City's "custom, policy and practice." Therefore, Plaintiffs have no property interest in reinstatement and thus, their procedural due process claims fail as a matter of law.

The Fourteenth Amendment's due process clause prohibits States from "depriv [ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To succeed on a procedural due process claim, a plaintiff must prove that "'(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.''" *Kaminski v. Twp. of Toms River,* 595 Fed. Appx. 122, 125 (3d Cir. 2014) *(citing Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (*citing Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)); *see also Lande v. City of Bethlehem*, 457 Fed. Appx. 188, 192 (3d Cir. 2012). "To state a procedural due process claim in the employment context, a plaintiff must

show that she has a constitutionally protected liberty or property interest that the government infringed in a manner lacking in procedural fairness." *Miller v. Twp. of Readington*, 39 Fed. Appx. 774, 775 (3d Cir. 2002).

### A. Directive 5.3A. does not create a property interest in reinstatement.

The threshold requirement to establishing entitlement to procedural due process protections is a determination that some constitutional interest is a stake. *See Stana v. School Dist.*, 775 F.2d 112, 125 (3d Cir. 1985). The property rights protected by the due process clause may be "created…by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). The relevant inquiry is whether the plaintiff has a "legitimate claim of entitlement." *Id.* Absent the existence of a state statute on point, this Court has looked to the police department's rules and practices to determine whether a property interest exists. *See Dixon v. Wilmington*, 514 F. Supp. 250, 253 (D. Del. May 4, 1981). However, only where such applicable criteria "meaningfully channel official discretion by mandating a defined administrative outcome" will a property interest be found to exist. *See Mitchell v. Cooper*, 2017 U.S. Dist. LEXIS 2528, *8 (D. Del. Jan. 9, 2017). Absent such support, an employee's mere subjective expectancy is insufficient to raise the interest to the level of a constitutionally protected property interest. *Harris v. City of Wilmington,* 644 F. Supp. 1483, 1487 (D. Del. 1986).

In this case, the plain language of Directive 5.3A. does not confer to Plaintiffs a property interest in reinstatement. Directive 5.3A. states: "[i]f a former officer has applied for reinstatement after separation from the department for less than one (1) year, the conditions of employment will be as follows: that person will be required to take a physical and psychological

test, a physical agility test, be placed on one (1) year probation, and will not be eligible for a promotion for a minimum of two (2) year(sic); seniority, retirement benefits, salary grade and rank will be that of which he last served." (Exhibit A). The language of Directive 5.3A. clearly denotes conditions applicable to reinstatement where an officer has requested reinstatement within one year of separation. However, nothing contained in this Directive creates a "right" to reinstatement as alleged by Plaintiffs. Directive 5.3A., on its face, does not mandate WPD reinstate any officer that seeks reinstatement within one year. Absent any such mandate, the decision to reemploy Plaintiffs remained within the discretion of the Chief of Police. (D.I. 1, ¶ 10). For these reasons, Plaintiffs have failed to allege sufficient facts to support their claim that they had a protected property interest in reemployment with the City. Therefore, Plaintiffs' procedural due process claim fails as a matter of law.

> **B. Plaintiff Kurt C. Bryson has failed to allege sufficient facts to support a claim that a property interest in reinstatement was created by an implied contract.**

To the extent Plaintiff Kurt C. Bryson is attempting to assert a claim that a property interest in reinstatement was created by an implied contract, this claim must fail as a matter of law. Plaintiffs' Complaint does not specifically articulate such a claim; however, it does include factual assertions which tend to suggest Plaintiff Kurt C. Bryson may be attempting to pursue such a claim. Specifically, Plaintiff Kurt C. Bryson alleges that during his retirement ceremony Inspector Clayton Smith advised him that he could return to WPD within one year and that Chief Cummings was present and allegedly nodded his head in agreement with this statement. (D.I. 1, ¶¶ 50-51).

A property interest can be created by an implied contract. *Bishop v. Wood*, 426 U.S. 341, 344 (1975). "Principles of contract law naturally serve as useful guides in determining whether

or not a constitutionally protected property interest exists." *Jago v. Van Curen*, 454 U.S. 14, 18 (1981). However, whether created by statute or implied contract, the sufficiency of the claim of entitlement must be decided by reference to state law. *Bishop*, 426 U.S. at 344. Under Delaware law, "an employer's written or oral statements to a prospective employee concerning the conditions of his employment are not enforceable against the employer without some basic contract consideration, i.e. detrimental reliance by the employee upon the representation made by the employer." *Mann v. Cargill Poultry, Inc.,* 1990 Del. Super. LEXIS 225, at *14 (Del. Super. June 13, 1990).

Here, Plaintiffs' Complaint is devoid of any factual allegations establishing the necessary element of consideration. Therefore, to the extent Plaintiff Kurt C. Bryson is claiming a property interest in reinstatement was created by implied contract, this claim fails as a matter of law and must be dismissed.

      **C.**    **Plaintiffs' Complaint fails to allege any facts to support a "custom, policy and practice" of the WPD creating a property interest in reinstatement.**

Plaintiffs' Compliant includes a single allegation that WPD's customs, policies and practices created a property interest in employment for officers who seek reinstatement less than one year after voluntary separation from employment. (D.I. 1, ¶ 111). Despite dedicating 80 paragraphs in the Complaint to "Facts Giving Rise to the Action," Plaintiffs fail to include any factual allegations supporting a "custom, policy or practice" of the WPD reinstating officers who seek reemployment within one year of voluntary separation. In fact, Plaintiffs' Complaint alleges facts that directly contradict the existence of such a "custom, policy or practice." Specifically, Plaintiffs' Complaint alleges that the WPD has previously denied reinstatement to other officers seeking reemployment within one year of voluntary separation. (D.I. 1, ¶¶ 62-65). Plaintiffs' allegation that a property interest in reinstatement was created by a "custom, policy or

practice" is conclusory and lacks any factual support. Therefore, it must fail as a matter of law. *Bailey v. Reed*, 29 Fed. Appx. 874, 875 (3d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss.").

## CONCLUSION

For the foregoing reasons, Defendants, City of Wilmington and Chief Bobby L. Cummings, respectfully request Plaintiffs' Complaint be dismissed in part.

                              **CITY OF WILMINGTON LAW DEPARTMENT**

                              */s/Sarah A. Fruehauf*
                              Sarah A. Fruehauf (#5084)
                              Assistant City Solicitor
                              Louis L. Redding City/County Building
                              800 N. French Street, 9th Floor
                              Wilmington, DE 19801
                              (302) 576-2175
                              *Attorney for Defendant*

Dated: April 10, 2017