IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KURT C. BRYSON and,<br>CHRISTOPHER G. CONNELLY, SR.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF WILMINGTON, a municipal<br>Corporation, and BOBBY L. CUMMINGS,<br>In his individual and official capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 17-133 (JFB/SRF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' THIRD MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF BRYSON'S ALLEGED ATTITUDE AND "COUNTDOWN CLOCK"**

**MURPHY & LANDON**

*/s/ Lauren A. Cirrinicione*
Lauren A. Cirrinicione, DE I.D. #5089
Kelley M. Huff, DE I.D. #5192
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
Email: lcirrinicione@msllaw.com
        KHuff@msllaw.com
Attorneys for Defendants

For the reasons stated below, Plaintiffs' third motion *in limine* should be denied.

Plaintiffs base their arguments upon F.R.E. 402 and 403. "Rule 403 is a balancing test, and '[l]ike any balancing test, the Rule 403 standard is inexact, requiring sensitivity on the part of the trial court to the subtleties of the particular situation, and considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge.' " *U.S. v. Castro*, 2010 WL 4948946, *656 (3d Cir. Dec. 7, 2010) *citing United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir.2010) (quoting *United States v. Guerrero*, 803 F.2d 783, 785 (3d Cir.1986)).

**Non-Discriminatory Basis for Decision Not to Rehire.** Bryson's Countdown Clock was one of the basis for Defendants' decision not to rehire Bryson. It is a reason behind Cummings' decision to hire a new academy class, rather than reinstate him. Ex. 5 at 211-13.

> Q. What was your concern about that, what is it that needed to be different for you? What do you mean by that, what's going to be different?
>
> A. I wanted to know, again, because he was so adamant in making it known around the department about this countdown clock and that he was leaving and also, during this walk-out he brought in this trailer with all banners and stuff, brought his family in. And this was, again, for him, his finale of being on the police department. So during that time period, again, I'm hiring a new academy class and I didn't go to Bryson and/or Connelly asking them to retire. They came and presented documentation to me asking their resignation from the police department. So again, I'm looking at moving forward and hiring new individuals coming in. *Id.*

Additionally, the Countdown Clock is relevant to rebut plaintiffs' assertion that defendants' did not rehire Bryson on account of a disability. During a conversation regarding Bryson's request for reinstatement, Bryson alleges that Cummings was inferring that his stress leave might cause performance issues were he to return to work as a police officer. Cummings, however, has stated that he was actually referring to Bryson's well-known countdown clock during that conversation. *Id.* at 78-82.

Bryson alleges that the countdown clock is a *post hoc* fabrication and thus, should be inadmissible. However, under the *McDonnell Douglass Corp. v. Green* standard, once plaintiff establishes a prima facie case of discrimination, the burden shifts to the defense to" articulate some legitimate, nondiscriminatory reason for the employee's rejection." Thus, evidence of the countdown clock is admissible for this purpose. Plaintiff then has the burden of proving that the countdown clock was a *post hoc* fabrication or a pretext for discrimination. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Under this standard, there is no room for Plaintiff to preclude evidence of the defendants' legitimate non-discriminatory reasons for the employee's rejection. He must instead bear the burden of presenting his own evidence that the reason was a pretext.

Pursuant to F.R.E. 402, introduction of evidence regarding the countdown clock is admissible. Since reference to the clock goes to the defense of all of Bryson's federal claims the danger of prejudice is not substantially outweighed by its probative value.

**Credibility.** The countdown clock is relevant to test Bryson's credibility pursuant to F.R.E. 607.

Bryson alleges that he "changed his mind" and decided that he wanted to return to the police force after voluntarily retiring. Defendants should be permitted to cross-examine the credibility of Bryson's change of heart, which is the crux of his case and the basis for his alleged injuries, including but not limited to lost wages, humiliation, embarrassment and damage to his reputation. How can someone so intent to retire have any injury in not being rehired after he reached his twenty year goal?

Bryson had a reputation as a person who would retire as soon as he hit twenty years and got a full pension. He publicized his clock at all roll-calls and would provide anyone who asked

with the exact days, hours and minutes left until retirement. Ex. 1 at 31-32; Ex. 2 at 52-53; Ex. 3 at 73-74; Ex. 4 at 20; Ex. 5 at 78; Ex. 6 at 97-98, 191. Like Connelly, it is necessary to establish Bryson's baseline reputation before the jury can assess when his reputation within the police community was injured in any respect. Therefore, evidence concerning the countdown clock is relevant and admissible pursuant to F.R.E. 402 and 607. The probative value of the evidence outweighs the danger of unfair prejudice. F.R.E. 403.

**Impact on Connelly.** Plaintiffs argue that it would unduly prejudicial to him for the jury to hear evidence of Bryson's countdown clock. They cite no basis for this. Plaintiffs had the opportunity to file separate lawsuits, or to file a motion to bifurcate the trial, effectively separating their claims, to reduce any disparate impact on the other. They did neither.

WHEREFORE, Plaintiffs' Third Motion *in Limine* should be denied and evidence of Bryson's Countdown Clock should be admissible in evidence.

MURPHY & LANDON

/s/ *Lauren A. Cirrinicione*
Lauren A. Cirrinicione, DE I.D. #5089
Kelley M. Huff, DE I.D. #5192
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel: (302) 472-8100
Fax: (302) 472-8135
Email: lcirrinicione@msllaw.com
KHuff@msllaw.com
Attorneys for Defendants